Filed 1/21/25  Windsor v. Does 1-10 CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BERTRAM WINDSOR,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN AND JANE DOES 1-10,<br><br>        Defendants;<br><br>MARC E. GROSSMAN,<br><br>        Objector and Appellant;<br><br>NEVCAL TRUCKING/FUNDIS COMPANY,<br><br>        Defendant and Respondent. | A167006<br><br>(Alameda County<br>Super. Ct. No. RG18891146) |

Attorney Marc E. Grossman appeals an award of sanctions entered against him under Code of Civil Procedure section 128.5.[1]  He argues the trial court erred in awarding sanctions because the moving party failed to comply with the safe harbor provision of subdivision (f)(1)(B) of section 128.5, which requires a party to serve its sanctions motion 21 days before filing it so that the attorney or party threatened with sanctions has an opportunity to correct their allegedly sanctionable conduct by withdrawing the offending motion or pleading that has allegedly been filed in bad faith.

---

[1]  All further statutory references are to the Code of Civil Procedure.

We agree there was a violation of the safe harbor provision precluding an award of sanctions and reverse. Our conclusion renders it unnecessary to address Grossman's alternative argument that the trial court erred in finding he acted in bad faith.

## BACKGROUND

### A. The Statutory Text

In relevant part, section 128.5 states:

"(a)    A trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, *made in bad faith*, that are frivolous or solely intended to cause unnecessary delay. . . . [¶] . . . [¶]

"(f)    Sanctions ordered pursuant to this section shall be ordered pursuant to the following conditions and procedures:

"(1) If, after notice and a reasonable opportunity to respond, the court issues an order pursuant to subdivision (a), the court may, subject to the conditions stated below, impose an appropriate sanction upon the party, the party's attorneys, or both, for an action or tactic described in subdivision (a). In determining what sanctions, if any, should be ordered, the court shall consider whether a party seeking sanctions has exercised due diligence.

"(A)    A motion for sanctions under this section shall be made separately from other motions or requests and shall describe the specific alleged action or tactic, made in bad faith, that is frivolous or solely intended to cause unnecessary delay.

"(B)    *If the alleged action or tactic is the making or opposing of a written motion or the filing and service of a complaint, cross-complaint, answer, or other responsive pleading that can be withdrawn or appropriately corrected, a notice of motion shall be served as provided in section 1010, but*

*shall not be filed with or presented to the court, unless 21 days after service of the motion or any other period as the court may prescribe, the challenged action or tactic is not withdrawn or appropriately corrected.*" (§ 128.5, italics added.)

## B. Proceedings Through Entry of Judgment

In January 2018, Grossman filed a complaint for personal injuries on behalf of his client, Bertram Windsor, arising from an accident involving two trucks at the Port of Oakland. The complaint named only fictitious Doe defendants and alleged that the true identities of the owner and operator of the other truck were unknown. In fact, however, Grossman's client knew (and had known since the day of the accident) that the other truck was owned by NevCal Trucking, which the client would later admit in deposition. About seven months after Grossman filed the complaint, he filed a Doe amendment identifying NevCal Trucking as a defendant, on August 2, 2018.

NevCal Trucking subsequently filed a motion for summary judgment, arguing the complaint was barred by the applicable two-year statute of limitations because Windsor was not ignorant of its identity at the time the complaint was filed. Grossman filed an opposition to the motion on Windsor's behalf, arguing that NevCal Trucking is not a valid entity but rather a fictitious business name for Fundis Company. Thus, he argued, NevCal Trucking was "unable to be a defendant," "obtain summary judgment" or assert the statute of limitations.

On the same date he filed the opposition papers (January 15, 2021) Grossman also filed another Doe amendment identifying Fundis Company as a defendant. No judgment expressly disposing of Fundis Company would ever be entered, however, which is what precipitated the events that ultimately led to the sanctions award that is now before us on appeal.

3

The trial court granted NevCal Trucking's summary judgment motion (the Hon. Paul D. Herbert, presiding). Judge Herbert ruled the complaint was time-barred because the undisputed evidence showed that Windsor knew that "NevCal Trucking" was a defendant more than two years before he named NevCal Trucking in the lawsuit. The court's ruling also addressed Grossman's arguments about Fundis Company: "Plaintiff presents evidence that 'NevCal Trucking' is a dba for Fundis Company and argues that it was truly ignorant of the name of Fundis, which is the real defendant. [¶] As a matter of law, 'NevCal Trucking' and Fundis Company are one and the same. [¶] 'Use of a fictitious business name does not create a separate legal entity . . . . The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner.' [Citation.] [¶] When plaintiff knew the name 'NorCal Trucking' [*sic*] plaintiff had sufficient information to name the defendant and prosecute the action. The court register of actions shows that on 10/31/18 plaintiff filed a proof of service showing service of the summons and complaint on NevCal Trucking and that on 11/21/18 NevCal Trucking filed an answer. [¶] The Motion of defendant NevCal Trucking for summary judgment is GRANTED."

Judgment in favor of "NevCal Trucking" was entered and notice of its entry was served on November 2, 2021.

### C. Post-Judgment Proceedings and the Sanctions Motion

The deadline to appeal the judgment expired on January 3, 2022. (See Cal. Rules of Court, rule 8.104(a)(1).) No appeal was filed.

Subsequently, at a status conference held on June 27, 2022, before a different trial court judge (the Hon. Eumi Lee), Grossman expressed an intent to appeal the summary judgment ruling. Counsel for NevCal Trucking/Fundis responded by asking the court to sua sponte "dismiss the

4

case," which the court declined to do.  Instead, the court issued an order to show cause as to why the case should not be dismissed for failure to serve the complaint.[2]  It noted that "This complaint was filed on 1/29/2018 and still has not been served."

Counsel for NevCal Trucking/Fundis thereafter tried to persuade Grossman to dismiss what he characterized as "the remaining skeleton of the case."  He sent two emails and left voicemail messages asking Grossman to dismiss the case, warning that otherwise counsel would move for its dismissal and ask for monetary sanctions, but got no response.

Grossman then, on July 18, 2022, had an amended summons issued to Fundis Company which he served two days later.  On or about July 22, 2022, he also filed a new complaint which is not in the record.[3]  Defense counsel then called Grossman and emailed him to meet and confer about the new complaint but got no response, and a week later Fundis Company filed a demurrer.  At a subsequent hearing held on August 22, 2022, Judge Lee noted Grossman was proceeding in a manner that "appears to be in direct contravention of the Court's previous [summary judgment] order," and it set the matter for a hearing as to why the case should not be dismissed.

In a brief he filed in response, Grossman asserted that he was not attempting to relitigate any prior rulings but, rather, "believes that a complete judgment must also have a disposition as to the Fundis Company

---

[2] Grossman later filed a response to the court's order to show cause attributing his failure to timely serve the complaint on Fundis Company due to staff shortages and operational issues during the previous two years resulting from the COVID pandemic (including the deaths of two of the firm's four attorneys).

[3] Nor is the register of actions.

who was DOED in as a separate party to this action." The goal was to "clarify in the judgment that it is also in favor of Fundis Company because of the Court's [summary judgment] ruling that they are 'one and the same' as a matter of law." He suggested that the court could sua sponte grant judgment on the pleadings for Fundis based on its prior ruling that it and NevCal Trucking were " 'one and the same' " and noted, that "at this time no such judgment has been entered as to 'Fundis Company.' "

Three days later, on September 9, 2022, "Defendant NevCal Trucking/Fundis Company" served on Grossman its motion for sanctions that is the subject of this appeal. The motion sought $5,920 in monetary sanctions pursuant to section 128.5. It was filed with the court on the same date it was served.

The notice of motion specified that sanctions were sought because Grossman had: (1) "refused to dismiss this action even though this Court has entered judgement against the action in favor of the Defendant"; (2) "threatened to appeal" the adverse summary judgment ruling despite the fact that the deadline to appeal the resulting judgment had long since expired; and (3) "filed another complaint virtually identical to the original action where no viable action can be filed due to the Court's judgement." The supporting memorandum also discussed the fact that Grossman had refused to meet and confer with defense counsel concerning his request that Grossman just "dismiss" the rest of the case and complained that he was "still refusing to dismiss his original Action and has commenced another supposedly new action with the same pleading." The motion sought recovery of all of the attorney fees incurred since notice of entry of the judgment had been served (i.e., 35 hours of attorney time, for which only a generalized

6

breakdown was provided in defense counsel's supporting declaration with no supporting, detailed billing records).

Grossman filed a declaration in opposition to the sanctions motion, asserting that his only goal had been to procure a final appealable judgment naming *Fundis* based on the court's ruling it was the same entity as NevCal Trucking. The declaration further asserted that Grossman had not been attempting litigate against Fundis and elaborated at some length as to why he been acting in good faith even if the steps he had employed to procure what he believed would be an appealable, final judgment proved to be incorrect. Around the same time, he also filed a statement of non-opposition to Fundis's demurrer expressing the same views and asking the court to name Fundis in the judgment.[4]

The court subsequently sustained Fundis's unopposed demurrer without leave to amend and denied Grossman's request to name Fundis in the judgment, because "Subject to few exceptions, 'once a judgment has been entered, the trial court loses its unrestricted power to change that judgment.' [Citation.]."[5]

---

[4] Specifically, that pleading said Windsor did not oppose judgment being granted on the ground asserted in the demurrer, which was that the court already ruled in its summary judgment ruling that Fundis was the same entity as NevCal Trucking. It asserted that Fundis was "the true name of the entity seeking to benefit from the Judgment" and therefore "must be named in that Judgment as being one and the same as NevCal pursuant to this Court's prior ruling."

[5] To the extent Grossman was simply trying to add the name of the true defendant to the judgment, the trial court was mistaken about the scope of its powers. That purpose was proper, even though Grossman utilized a somewhat unorthodox procedure to accomplish that goal when a simple post-judgment motion would have sufficed. As Grossman now recognizes, it is well-settled that trial courts have power pursuant to section 187 to amend a

7

The sanctions hearing subsequently took place on November 9, 2022, before Judge Lee. Grossman, appearing through an associate of his law firm, orally opposed the motion on the additional ground that the court lacked authority to impose sanctions because defendants had failed to comply with the safe harbor provisions of section 128.5.[6]

The court asked defense counsel whether "defense counsel" had attempted to meet and confer before the filing of the demurrer "or prior to any of the actions . . . which served as the basis for the [sanctions] motion[]." Defense counsel responded, "The demurrer I believe, yes. That we had let him know that we were going to demur if—he said he was going to file

_____

judgment to insert the name of the real defendant. Doing so does not effect a change in the judgment but merely inserts the correct name of the true party to the lawsuit. (See, e.g., *JPV I L.P. v. Koetting* (2023) 88 Cal.App.5th 172, 188-189; *Favila v. Pasquarella* (2021) 65 Cal.App.5th 934, 942-943; *Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117, 132-133.) Although the procedure is most commonly used to add the name of a judgment debtor on an alter ego theory, it is not so limited. It also applies where a plaintiff has "sued the right party under the wrong name." (*Carr v. Barnabey's Hotel Corp.* (1994) 23 Cal.App.4th 14, 20-23 [upholding amendment to judgment adding name of plaintiff's true employer after case had gone to verdict and judgment against employer's defunct, wholly owned subsidiary in whose name employer had been conducting business].) There is no time limitation for a party to seek such relief. (*Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267, 287.)

[6] Fundis does not argue that the issue was forfeited and addresses it on the merits in its respondent's brief. Moreover, the trial court ruled on the issue. Finally, the issue is one of law based on undisputed facts and thus within an exception to the rule of waiver. (See *CPF Vaseo Associates, LLC v. Gray* (2018) 29 Cal.App.5th 997, 1005; *Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 699-700 (*Martorana*).)

another complaint. And I said: You can't file another complaint, and if you do, we'll demur to it."

The court concluded the hearing by directing Grossman's associate to transmit newly cited legal authorities in an email to the court and counsel and continued the matter in order to decide whether to issue a ruling or ask for additional briefing.

Subsequently, on December 19, 2022, the court issued a four-page written order granting the sanctions motion in full and directing Grossman personally to pay $5,920 in sanctions to "Defendant NevCal Trucking/Fundis Company." As pertinent here, the court ruled that the safe harbor provision of section 128.5, subdivision (f)(1)(B) did not apply. It reasoned that the sanctions motion "is [not] limited to Plaintiff's service of the complaint and amended summons on Fundis" but, rather, was based on "Plaintiff's pattern and practice of bad faith tactics as described above and failure to dismiss this case even though judgment had been entered in October 2021." "Thus," it reasoned, "this motion is best construed under Section 128.5[, subdivision] (f)(1)(A) rather than Section 128.5[, subdivision] (f)(1)(B). Defendant's counsel has moved for sanctions separate from other motion requests and has described the specific actions and tactics made in bad faith that are frivolous or intended to cause unnecessary delay, without the requirement of safe harbor." The court also reasoned that "Section 128.5[, subdivision] (f)(1)(B) is required where a written motion or filing and service of complaint or responsive pleading 'can be withdrawn or appropriately corrected.' (§ 128.5[, subdivision] (f)(1)(B).) Here, compliance with safe harbor would not be practical as there is no pleading that can be withdrawn or cured because judgment had been entered before Plaintiff served its amended summons."

9

This timely appeal followed.

## DISCUSSION

### I.

We review an award of sanctions under section 128.5 for abuse of discretion. (*Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 450.) " 'In reviewing that exercise of discretion we are informed by "several policy guidelines: (a) an action that is simply without merit is not by itself sufficient to incur sanctions; (b) an action involving issues that are arguably correct, but extremely unlikely to prevail, should not incur sanctions; and (c) sanctions should be used sparingly in the clearest of cases to deter the most egregious conduct." ' " (*Wallis v. PHL Associates, Inc.* (2008) 168 Cal.App.4th 882, 893.)

Where the facts are undisputed, however, "we independently review whether a sanctions award comports with statutory requirements" including section 128.5, subdivision (f)'s safe harbor provision. (*Zarate v. McDaniel* (2023) 97 Cal.App.5th 484, 489.)

### II.

Section 128.5, subdivision (f)(1)(B) (quoted *ante*, at pp. 2-3) when applicable precludes a party from filing or presenting to the court a motion for sanctions until 21 days after serving the motion on the party from whom sanctions are sought. The courts have referred to this as a "safe harbor" provision. (*Transcon Financial, Inc. v. Reid & Hellyer, APC* (2022) 81 Cal.App.5th 547, 550 (*Transcon Financial*).) This provision requires a party seeking sanctions under section 128.5 to follow a two-step procedure. (*Ibid*.) "First, the ' "moving party must serve on the offending party a motion for sanctions." ' [Citation.] Service of the sanctions motion triggers the 21-day safe harbor period during which the moving party may not file the

motion. [Citation.] That is because the offending party may avoid sanctions by withdrawing the challenged pleading during the 21-day period. [Citation.] Second, if the offending party does not withdraw the challenged pleading during that period, then the moving party may file the sanctions motion. [Citation.]

"The '21 days is not a notice period. . . . It defines when the target of a sanctions motion can act without penalty and withdraw' an objectionable document.' [Citation.] The moving party must file the motion '*outside* the safe harbor period,' not 'on day one of the safe harbor period, day 21 of the safe harbor period, or any day in between.' [Citation.] In other words, the 'sanctions motion cannot be filed until the 22nd day after service of the motion, i.e., after the 21-day safe harbor period expires.'" (*Transcon Financial, supra,* 81 Cal.App.5th at pp. 550-551, quoting *Broadcast Music, Inc. v. Structured Asset Sales, LLC* (2022) 75 Cal.App.5th 596, 606, 605.)

"Moreover, the law requires strict compliance with the safe harbor provisions. (*Li v. Majestic Industry Hills LLC* (2009) 177 Cal.App.4th 585, 593.) Failure to comply with the safe harbor provisions 'precludes an award of sanctions.' (*Martorana, supra,* 175 Cal.App.4th at p. 700; see *Li*, at p. 594 ['compliance with the safe harbor is a prerequisite to recovering sanctions'].)" (*Transcon Financial, supra,* 81 Cal.App.5th at p. 551.)

The Legislature intended the safe harbor provision to apply broadly to all actions that could be withdrawn or corrected. (*Changsha Metro Group Co., Ltd. v. Peng Xufeng* (2020) 57 Cal.App.5th 1, 17.) It does not apply "when withdrawal or correction of the allegedly frivolous document or act would be impractical." (*Ibid*.) " 'Obviously, some actions and tactics—such as oral statements or physical conduct—cannot be withdrawn or appropriately corrected.' " (*Id*. at p. 16.) Where the safe harbor provision applies, "strict

11

compliance" is required and failure to comply with it precludes an award of sanctions. (*Transcon Financial, supra*, 81 Cal.App.5th at p. 551.) Thus, for example, a party does not comply "simply by sending a letter of its intent to seek sanctions to the offending party." (*Martorana, supra*, 175 Cal.App.4th at p. 700.)

Here, it is undisputed that Fundis did not wait 21 days to file its motion after serving it and thus did not comply with section 128.5, subdivision (f)(1)(B). The issue is whether Fundis was required to do so: that is, whether the motion was premised on conduct that could *not* be effectively withdrawn, in which case the safe harbor period of subdivision (f)(1)(B) was inapplicable.

Grossman argues that he was given no opportunity to withdraw the offending amended complaint and thus the motion should have been denied. Fundis argues that the motion wasn't limited to the amended complaint and summons, but also encompassed his failure to meet and confer which is conduct that could not be withdrawn, rendering the safe harbor period inapplicable.

We agree with Grossman. The entire chain of post-judgment events was precipitated by, and centered on, Grossman's "refusing to dismiss" the case after the court granted summary judgment in favor of NevCal Trucking and "commenc[ing] another supposedly new action with the same pleading."

That it was these actions that were the focus of the sanctions motion is evident from Fundis's notice of motion and motion for sanctions in the trial court, which asserted only that Grossman had "refused to dismiss this action even though this Court has entered judgement against the action," "threatened to appeal the Summary Judgment entered against this action although the time long ago expired to even attempt to do so," and "filed

12

another complaint virtually identical to the original action where no viable action can be filed." The notice of motion makes no mention of failure to meet and confer as a ground for sanctions. A notice of motion must, of course, state the grounds for the motion. (§ 1010; Cal. Rules of Court, rule 3.1110(a).)

Further, while defense counsel in a declaration complained that his repeated attempts to persuade Grossman "to just simply dismiss the remaining skeleton of the case . . . fell on deaf ears" and that Grossman failed to respond to them, the memorandum of points and authorities did not specifically argue that his failure to respond was an additional ground for granting sanctions. Rather, it emphasized Grossman's "refus[al] to dismiss his original Action" and "continued . . . pursuit of [the defendant] by filing ANOTHER COMPLAINT that was essentially identical to his original pleading." These were the "challenged action[s] or tactic[s]" that were the target of the sanctions motion, and either could have been "withdrawn or appropriately corrected" if Fundis had complied with the 21-day safe harbor requirement. Grossman could have withdrawn or dismissed the new complaint, either of which would have ended the litigation.

Fundis also argues there was no pleading that could be withdrawn or corrected because a judgment had already been entered, a point made by the trial court as well. The assertion cannot be reconciled with Fundis's counsel's repeated entreaties urging Grossman to dismiss the case so as to obviate the need for him to file a demurrer and avoid the potential for sanctions In short, if we accepted Fundis's logic that "there was no [offending] pleading" on file (i.e., in effect, that the amended complaint was a legal nullity), there would have been no reason for Fundis to file the demurrer or the trial court to grant it nor any basis to impose sanctions. Whether or not it was a legal nullity,

Fundis desired certainty and endeavored to obtain it from Grossman, who might have provided it had he been offered safe harbor from the sanctions motion.[7]

Here, Fundis did not comply with section 128.5, subdivision (f)'s safe harbor provision before filing its sanctions motion and so the sanctions award must be reversed with directions for Fundis's sanctions motion to be denied. (See *Zarate v. McDaniel*, *supra*, 97 Cal.App.5th at p. 491; *Transcon Financial*, *supra*, 81 Cal.App.5th at pp. 551-552.)  In light of our conclusion, we do not reach Grossman's alternative argument that the trial court abused its discretion in concluding his actions were frivolous or undertaken in bad faith.

## DISPOSITION

The order imposing sanctions is reversed, and the trial court is directed to enter an order denying the motion for sanctions.  Appellant shall recover his costs.

---

[7] We recognize that the sanctions motion also identified Grossman's stated intent to appeal as sanctionable conduct.  No serious argument has or can be made that such action in and of itself was sanctionable, however, and no authority for that proposition has been cited.  It would raise serious constitutional issues to impose sanctions on that basis alone.  Sanctions were not sought or imposed for the actual filing of an allegedly frivolous appeal, and we express no opinion on that subject.

_____

                                    STEWART, P.J.



We concur.



_____

RICHMAN, J.



_____

MILLER, J.


*Windsor v. NevCal Trucking/Fundis Company* (A167006)